Avis M. PETTAWAY, Bettie L. Pettaway, Florence L. Pettaway and Leon S. Pettaway, infants, by Charles L. Pettaway and Bessie W. Pettaway, their father and mother and next friends, et al., Appellants,

v.

COUNTY SCHOOL BOARD OF SURRY COUNTY, VIRGINIA, et al., M. B. Joyner, individually and as Division Superintendent of Schools of Surry County, Virginia, Board of Supervisors of Surry County, Virginia, et al., A. T. Sowder, County Treasurer of Surry County, Virginia, State Board of Education, and Woodrow W. Wilkerson, Superintendent of Public Instruction, Appellees.

No. 9286.

United States Court of Appeals
Fourth Circuit.

Argued April 27, 1964.

Decided May 25, 1964.

S. W. Tucker, Richmond, Va. (Henry L. Marsh, III, Richmond, Va., on brief), for appellants.

John F. Kay, Jr., Richmond, Va. (Willis W. Bohannan and Bohannan & Marable, Petersburg, Va., and Denny, Valentine & Davenport, Richmond, Va., on brief), for appellees County School Board and Division Superintendent of Schools.

J. Segar Gravatt, Blackstone, Va. (Ernest W. Goodrich, Surry, Va., on brief), for appellee Board of Supervisors.

Robert Y. Button, Atty. Gen. of Virginia, and R. D. McIlwaine, III, Asst. Atty. Gen., on brief for appellees State Board of Education and Superintendent of Public Instruction.

Before SOBELOFF, Chief Judge, and HAYNSWORTH, BOREMAN, BRYAN and J. SPENCER BELL, Circuit Judges, sitting en banc.

HAYNSWORTH, Circuit Judge.

This appeal has been taken from an interlocutory order refusing a preliminary injunction, with resulting delay in a hearing upon the merits. We affirm the interlocutory order and remand the case forthwith in the interest of a hearing and disposition of the case on the merits without further unnecessary delay.

Heretofore the School Board of Surry County, Virginia, operated three schools. One of them, Surry School, caring for both elementary and high school grades,

was attended solely by white pupils. New Lebanon, an elementary school, and the L. P. Jackson, an elementary and high school, were attended solely by Negroes.

On June 24, 1963, however, the Virginia Pupil Placement Board ordered the admission of the seven infant plaintiffs to Surry School, the one school in the county theretofore attended by white pupils and by white pupils only.

Thereafter, mass meetings of parents of white pupils were held, as a result of which an eleemosynary corporation known as the Surry County Educational Foundation was organized for the purpose of operating a school on a tuition basis. All of the white pupils, who otherwise would have attended Surry School, applied to attend the new school of the Foundation and were accepted for enrollment there. This left the Surry School with no prospective student body, except the seven infant plaintiffs involved in this action.

The School Board then accepted the resignation of the teachers under contract with it to teach at Surry School, and the teachers were employed by the Foundation.

Thereafter the seven infant plaintiffs applied for enrollment in the school to be operated by the Foundation. They were not accepted.

During the school year 1963–1964, therefore, the School Board operated the New Lebanon and L. P. Jackson schools, attended solely by Negroes. Its Surry School has been closed throughout the year. The Foundation has operated a school attended solely by white pupils. So far as now appears, it has not used any facilities of the School Board, except that it purchased from a dealer

three used school buses which the School Board had traded in for new ones. The Foundation school charged tuition of $375 for an elementary pupil and $380 for a high school pupil. Such pupils were eligible for tuition grants in the amounts, respectively, of $250 and $275.

The plaintiffs sought an interlocutory injunction, restraining the payment of tuition grants to any resident of Surry County, to require the School Board to open and operate the Surry School and to require the Board of Supervisors to appropriate funds for the operation of public schools in an amount not less than those appropriated for the previous school year.[1]

When this motion was heard by the District Court, it concluded, in light of our decision in Griffin v. Board of Supervisors of Prince Edward County, 4 Cir., 322 F.2d 332, that it should abstain until the Virginia Supreme Court of Appeals should decide the case of County School Board of Prince Edward County v. Griffin, then pending before that Court. The District Court entered an order to that effect on September 30, 1963, but it tentatively set a date for a hearing on the merits on December 3, 1963. The Virginia Supreme Court of Appeals announced its decision in the Prince Edward County case on December 2, 1963,[2] at which time the stated purpose of the abstention order was fully accomplished.

Though the plaintiffs could have proceeded to a hearing on the merits as early as December 3, 1963, they made no effort to have the case disposed of on that basis. In the meanwhile, they had filed a notice of appeal from the denial of their motion for an interlocutory injunction, and they have since been absorbed with that interlocutory appeal. They have made no effort to obtain a

---

1. The Board of Supervisors had reduced the appropriation of funds because of the closure of Surry School. There is no suggestion that the appropriated funds were insufficient for the efficient operation

of New Lebanon and L. P. Jackson schools.

2. County School Board of Prince Edward County v. Griffin, 204 Va. 650, 133 S.E.2d 565.

hearing on the merits earlier than July next.

It is apparent that this was not a case for final disposition on the basis of a motion for a preliminary injunction. The plaintiffs suggest that some officials of the County had some hand in the formation of the Foundation, but ultimate findings of the extent, if any, to which county officials controlled, or influenced, formation of the Foundation and its subsequent operation of its school ought to await a full hearing on the merits in which all of the facts may be developed.

By the time this interlocutory appeal reached us, the end of the 1963–1964 school year was approaching. Months had gone by since December 2, 1963, during which there was no further reason for the District Court to stay its hand and postpone disposition of the case on the merits. If the case had been heard on the merits on December 3, 1963, as scheduled, or at any reasonable time thereafter, it could have been decided on the merits by the District Court and an appeal, if necessary, could have been heard in the ordinary course of events by this Court and disposed of well in advance of the opening of the 1964–1965 session. The plaintiffs' preoccupation with the prosecution of this appeal from the interlocutory order and their indifference to a reasonably prompt hearing on the merits put them in danger of having another school year go by while the issues are still being debated in the courts. The danger will become assurance unless someone makes some effort to expedite a hearing and disposition of the case upon the merits.

In order to avoid any further unnecessary delay, the case will be remanded forthwith to the District Court, so that, upon application of the plaintiffs, it may promptly schedule a hearing on the merits at an early practicable date, and, bearing in mind the swift passage of time, enter an order disposing of all issues on the merits as soon thereafter as may be practicable.

In this connection, it is readily apparent that what the Supreme Court does and says in the Prince Edward County case, now pending before it, may have substantial effect upon similar issues in this case. We think, however, the disposition of the case on the merits in the District Court need not await the Supreme Court's decision in the Prince Edward County case. This case may be substantially different. The plaintiffs' right to relief is dependent upon their establishing as a fact that the operation of the Foundation school is state action in the constitutional sense, or that they were otherwise denied the equal protection of the laws when the withdrawal of all the white pupils from Surry School was facilitated by the availability of tuition grants. While what the Supreme Court does and says in the Prince Edward County case may be of help to any court in considering this case, the pendency of the Prince Edward case, now held under submission by the Supreme Court, furnishes no reason for postponement of final resolution of the factual questions which underlie the ultimate conclusions in this case.

We, therefore, perceive no reason why the District Court should not proceed, upon a prompt application to it, to a reasonably prompt and expeditious hearing and disposition on the merits of the issues presented in this case.

Affirmed and remanded for further proceedings.